## THE STATE v. McCULLOCH *et al.*

1. **Appeal:** AMOUNT INVOLVED. In an action to subject real estate to the payment of a fine of one hundred dollars and costs of $6.70, adjudged against a tenant of the real estate for the unlawful sale of liquors therein, the amount involved is $106.70, and an appeal lies to this court from a judgment therein without a certificate of the trial judge. The statute makes the property in such cases liable for the costs as well as for the fine.

2. **Intoxicating Liquors:** UNLAWFUL SALE: FINES IN JUSTICES' COURTS : HOW CHARGED ON REAL ESTATE. Judgments for fines and costs rendered in justices' courts in prosecutions for the violation of the prohibitory liquor law are not in any case liens on the real estate used for the unlawful sales, but may be made such in proper cases, by filing transcripts in the office of the clerk of the district court (Code, secs. 3567, 3568, 4609); and the district court has no authority, in an action brought for that purpose, to declare such a judgment, of which no transcript has been filed, a lien on real estate, and to direct the same to be sold for its satisfaction.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

FILED, MAY 15, 1889.

ACTION to subject real estate to the payment of a judgment. There was a trial by jury, and a verdict and judgment for defendants. The plaintiff appeals.

*Haskell & Greer*, for appellant.

*John F. Lacey, Wm. R. Lacey* and *D. C. Waggoner*, for appellees.

ROBINSON, J.—Defendants were the owners of certain real estate in Oskaloosa, known as the "Downing House Property," and leased it to one Kelly. He sublet a portion of it to others. On the fifteenth day of July, 1887, a clerk of the subtenants was convicted

The State v. McCulloch.

in justice's court of violating the provisions of chapter 6 of title 11 of the Code, in regard to the sale of intoxicating liquors, and was adjudged to pay a fine of one hundred dollars, and the costs of suit, taxed at $6.70. The petition alleges that the defendants knew that intoxicating liquors were being kept in said premises for sale, and were sold, in violation of law, during the time in question, and asks that the premises be subjected to the payment of the fine and costs against the clerk.

I. Appellees insist that this court has no jurisdiction of the case, for the reason that the amount in controversy does not exceed one hundred dollars, and no question of law has been certified for its determination. The appellant contends that the amount in controversy includes both the fine and costs, and therefore that it is $106.70. The petition alleges that the fine and costs are wholly unpaid. The statute authorizes the same ruling with respect to costs that it does in regard to fines; hence the full amount of both, as alleged in the petition, must be regarded as in controversy.

1. Appeal: amount involved.

II. It is insisted by appellees that the relief demanded by appellant cannot be granted, for the reason that no transcript of the judgment has been certified to the office of the clerk of the district court of Mahaska county. Section 1558 of the Code, as amended by section 12, chapter 66, Acts of Twenty-first General Assembly, provides that, for all fines and costs assessed or judgments rendered for any violation of the chapter of the Code relating to the sale of intoxicating liquors, the premises and property, personal and real, occupied and used for the purpose, with the knowledge of the owner, shall be liable, and that all such fines, costs and judgments shall be a lien on such real estate until paid. The language of the section, considered alone, is broad enough to make judgments rendered by justices' courts liens upon real estate from the date of their rendition, without the taking of further steps. But that such was

2. Intoxicating liquors: unlawful sale: fines in justices' courts: how charged on real estate.

not the effect intended by the general assembly is evident, when other provisions of the Code are considered. It is contrary to the spirit and policy of our law to permit the title to real estate to be affected by judgments of justices' courts. They are not courts of record. Executions to enforce their judgments issue only against personal property. Code, sec. 3570. The action of forcible entry and detainer for the recovery of the possession of real estate is allowed in justice's court, but, even in such action, the question of title cannot be investigated. Code, sec. 3620. When the title to real estate is put in issue, it becomes the duty of the justice, without proceeding further, to certify the cause and the papers to the district court. Code, sec. 3535. Liens on real estate may be secured by causing a transcript of the judgment in justice's court to be certified to and filed in the office of the clerk of the district court (Code, secs. 3567, 3568); and when that is done the judgment, for all practical purposes, becomes a judgment of the district court. *Id.* Judgments for fines in all criminal actions may be made liens on real estate in the same manner, and with like effect, as judgments in civil actions. Code, sec. 4609.

Judgments of the supreme and district court are liens upon real estate of the judgment debtor in certain cases. Code, sec. 2882. No personal judgment against the property-owner for the fine and costs adjudged against the violator of the law is authorized in proceedings of this character. Their purpose is to ascertain if the premises in which the law was violated are liable for the payment of the judgment rendered on account of the violation. *Polk County v. Hierb*, 37 Iowa, 366. In that case it was held that, before such property can be taken for the payment of a judgment of the nature of that in question, its liability must be duly established in a proceeding to which the owner is a party. But the property cannot be said to be liable for the payment of the judgment, unless it can be levied upon and sold to satisfy it. Execution can issue in this cause only to

The State v. McCulloch.

satisfy the costs which accrued herein. The district court cannot in the first instance, nor can this court on appeal, authorize the sale of real estate on execution from justice's court. In our opinion, the statute under consideration, was not designed to make judgments of justices' courts liens on real estate, nor to subject real estate to sale on execution issued from such courts, in any case. Therefore, when this cause was tried, and judgment rendered in the district court, the property in question was not liable to the payment of plaintiff's judgment. What plaintiff really asks us to determine is that, if it should file a certified transcript of its judgment in the office of the clerk of the district court, it could then subject the property in question to the payment of its judgment. But an adjudication to that effect would not create a lien on the property. Plaintiff may conclude not to file the transcript, or when it is filed defendants may have ceased to have any interest in the property. In either case, the adjudication asked by plaintiff would prove to be but an idle form. Courts are required to determine the effect of established, not hypothetical, facts.

III. In view of the conclusion we reach as to the merits of the case, the alleged errors of which appellant complains are wholly immaterial, and need not be further considered. Since the judgment of the district court is the only one which could have been rendered under the admitted facts of the case, it is

AFFIRMED.